TERRELL, Justice.
Rose Sonn, joined by her husband, William Sonn, instituted this action against World Wide Liquor Company and Swindal-Powell Company, Florida corporations, jointly and severally to recover damages for personal injuries. The amended complaint alleges that defendants failed to maintain certain wooden stairs owned and used by them on their premises in a safe and stable condition and that each of them knew or, in the exercise of reasonable care, should have known of the unsafe condition of said stairs. Account of which negligence Rose Sonn was on November 23, 1953, caused to fall and suffer serious and permanent injuries.
The wooden stairs were portable and were carried from place to place wherever needed. At the time Rose Sonn was alleged to have been hurt they were placed against a loading platform at the rear of a warehouse which was leased by both defendants. The platform was about four feet high, extended all the way across the rear of the warehouse, had concrete steps at each end and was used by both defendants. The amended complaint proceeds on the theory that defendants had a joint duty to keep the platform and wooden stairs in safe condition though it is shown that the areas of the platform occupied or used by each were separate and distinct. There was no wall or partition allotting or defining each defendant his part of the platform, nor is there any showing that it was to be used by them in common, or that either tenant had authority to use any portion of the platform except that opposite or adjacent to the portion of the warehouse leased by each defendant.
Answers were filed by both defendants denying the material allegations of the complaint, charging contributory negligence on the part of plaintiff in that she failed to use the concrete steps at either end of the platform that were provided for invitees of defendants; that Mrs. Sonn was a trespasser on the premises of World Wide Liquor Company and that there was no actionable negligence on the part of Swindal-Powell Company. Interrogatories were propounded to co-defendants and depositions of Mr. and Mrs. Sonn were taken. On the basis of the answers, the depositions and the interrogatories, both parties to the cause moved for summary judgment. The motion of Swindal-Powell Company was granted but that of World Wide Liquor Company was overruled. This appeal is from the order granting summary final judgment as to Swindal-Powell Company.
Three points are urged for determination but they read like the old pattern of casting counts in an indictment — one point repeated three times. The real question is whether or not Swindal-Powell Company owed any duty to Mr. and Mrs. Sonn to keep the wooden steps from which Mrs. Sonn is said to have fallen in a safe condition.
*321 In granting summary final judgment in favor of Swindal-Powell Company, the trial court necessarily found that it was not guilty of actionable negligence as a matter of law. It is perfectly clear that Mrs. Sonn’s alleged injury was caused by falling from the wooden stairs or that the stairs collapsed and she fell; that said stairs were owned by World Wide Liquor Company; that they were portable and could he moved from place to place to mount the platform or other part of the premises anywhere desired; that Swindal-Powell Company did not own or have any interest in or control over them; that they were some distance from that part of the platform under control of Swindal-Powell Company at the time Mrs. Sonn fell and that Swindal-Powell Company had no reason to think or know that Mr. and Mrs. Sonn would use said wooden stairs to get on the platform. Under such circumstances we can see no reason why Swindal-Powell Company would be expected to give appellants notice of hidden defects in the wooden steps.
Appellants base their right to recover on the contention that there was a joint duty on the part of both defendants, Swindal-Powell Company and World Wide Liquor Company, to keep the platform and the wooden stairs in good and safe condition. We have read the cases relied on to support this contention but we do not think they conclude the point. It is admitted that plaintiffs were invitees of Swindal-Powell Company who owed them the duty to keep their premises in safe condition and give them notice of hidden defects, if known to them, or that should have been known by the exercise of reasonable care. We find nothing in the record to show that the wooden stairs were shared by Swindal-Powell Company; it is shown on the other hand that they were owned and used by employees of World Wide Liquor Company and were used exclusively by the employees of that company.
It follows that the judgment appealed from must be, and is hereby, affirmed.
Affirmed.
DREW, C. J., HOBSON, J., and MORROW, Associate Justice, concur.